IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY BRAZIER,

        Plaintiff,      No. CIV S-11-3343 EFB P

  vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

              ORDER

        Defendants.

_____/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I. Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 3. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.     Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Because plaintiff concedes he did not exhaust his administrative remedies prior to commencing this action, it appears that this action should be dismissed. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an action).

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*."). A prisoner seeking leave to proceed in forma pauperis in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198. *See also Rhodes v. Robinson*, 621 F.3d 1002, at *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new

Case 2:11-cv-03343-EFB   Document 5   Filed 01/13/12   Page 3 of 4

claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed).

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.1(b).

Here, plaintiff checked the boxes on his form complaint indicating that the administrative exhaustion process is available to him, but that the process has not been completed. Dckt. No. 1 (Complaint) § II. Indeed, plaintiff alleges in his December 16, 2011 complaint that "as of 9/13/11," his inmate appeal "has been in the hands of chief [sic] of inmate appeal in Sacramento," and that he has "received no word after a number of inquiries." *Id.* The "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending." *Rhodes*, 621 F.3d at 1004 (citing *McKinney*, 311 F.3d at 1199). Therefore, plaintiff will be ordered to show cause why this action should not be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit. Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the administrative appeal process.

**III.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections filed concurrently herewith.

1       3. Plaintiff shall show cause, within thirty days of the date of service of this order, why this action should not be dismissed for failure to exhaust administrative remedies prior to filing suit. Failure to comply with this order will result in this action being dismissed for failure to exhaust administrative remedies.

DATED: January 13, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE