IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY BRAZIER,

        Plaintiff,                    No. CIV S-11-3343 EFB P

     vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

        Defendants.             ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).  Before the court is plaintiff's motion for counsel and response to the court's January 13, 2012 order for him to show cause why this action should not be dismissed for failure to exhaust administrative remedies prior to filing suit.

**I.**     **Request for Appointment of Counsel**

      District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a

1

1 plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991);
2 *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether
3 "exceptional circumstances" exist, the court must consider the likelihood of success on the
4 merits as well as the ability of the plaintiff to articulate his claims pro se in light of the
5 complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).
6 The court finds there are no exceptional circumstances in this case.

**II.     Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*."). A prisoner seeking leave to proceed in forma pauperis in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198. *See also Rhodes v. Robinson*, 621 F.3d 1002, at *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed).

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three

levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.1(b).

On January 13, 2012, the court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and noted that plaintiff conceded he did not exhaust his administrative remedies prior to commencing this action. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an action); *see also* Dckt. No. 1 (alleging he had not yet received a third level response to Appeal Log No. 11-783). Therefore, the court ordered plaintiff to show cause why this action should not be dismissed without prejudice for his failure to exhaust administrative remedies prior to filing suit. In his response to the court's order to show cause, plaintiff admits that he did not receive the final response to his administrative appeal until after he commenced this action. Dckt. No. 9. However, he claims that prison officials were required to respond to his administrative appeal within 60 days, but that they took 97 days, and that he commenced this action in good faith. *Id.*

Pursuant to title 15, section 3084.8 of the California Code of Regulations, "[t]hird level responses shall be completed within 60 *working days* from date of receipt by the third level Appeals Chief." Cal. Code Regs. tit. 15, § 3084.8(c)(3) (emphasis added). "Working day" means a calendar day excluding Saturdays, Sundays, and official state holidays. *Id.* § 4003(j)(2). In certain events, exceptions to the time limit are authorized. *Id.* § 3084.8(d). And where an "exceptional delay prevents completion of the review within the specified time limits," the inmate appealing is entitled to an explanation. *Id.* § 3084.8(e). However, no explanation is required for delays at the third level of review. *Id.*

Here, the third level Appeals Chief received plaintiff's appeal on September 19, 2011. *See* Dckt. No. 8 at 4 (Appeal Log No. 11-783, stamped "Received Sep 19, 2011 Inmate Appeals Branch"). Sixty working days from September 19, 2011 was December 15, 2011. Cal. Code

1 Regs. tit. 15, § 4003(j)(3) ("working days are computed by excluding the first day and including
2 the last day"); *see* California Department of Personnel Administration *at* http://www.dpa.ca.gov
3 /personnel-policies/holidays.htm (including Veteran's Day, Thanksgiving Day, and Day after
4 Thanksgiving as state holidays).  Plaintiff commenced this suit on December 13, 2011, before
5 the third level response was due in accordance with section 3084.8(c)(3).  Dckt. No. 1
6 (complaint and proof of service dated December 13, 2011); *see Houston v. Lack*, 487 U.S. 266,
7 276 (1988) (a prisoner's filing is deemed filed on the date delivered to prison staff for delivery to
8 the court).  Because administrative relief remained available to plaintiff at the time he
9 commenced this suit, this action must be dismissed for failure to exhaust administrative
10 remedies.  *See Rhodes*, 621 F.3d at 1005  ("[A] prisoner must exhaust his administrative
11 remedies for the claims contained within his complaint before that complaint is tendered to the
12 district court.").

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for appointment of counsel, Docket No. 10, is denied, and this action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED:  March 21, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE